## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

HOUSTON R. HENLEY,　　　　　　　　]

　　　Plaintiff,　　　　　　　　　　]
　　　　　　　　　　　　　　　　　]
vs.　　　　　　　　　　　　　　　]　　Case No. 3:26-cv-439
　　　　　　　　　　　　　　　　　]
JOHN E. SUGGS, CITY OF　　　　　　]
METROPOLIS, METROPOLIS　　　　　]
POLICE DEPARTMENT,　　　　　　　]
　　　　　　　　　　　　　　　　　]
　　　Defendant.　　　　　　　　　]

### COMPLAINT

Now Comes Houston Henley, by and through his Attorney, Darrell Dunham, and for his Complaint filed against the above-named Defendants, he says:

1. This action arises out of excessive force used against Plaintiff Houston Henley, in violation of the United States Constitution. John E. Suggs was at all times alleged in this Complaint an employee of the City of Metropolis, Illinois, in its police department as an a police officer. Officer Suggs is charged with the responsibility, among other things, of being present when the bridge across the Ohio River between Massac County, Illinois, and Paducah, Kentucky, had been closed for in excess of two hours because of a three care vehicle accident occurred on that bridge which occurred on May 1, 2025. On said date the Plaintiff found himself in line. He observed other vehicles who were also prevented from proceeding across the bridge turning around and proceeding back to Illinois. Plaintiff elected to follow their example, whereupon Defendant Suggs approached his vehicle, and insisted that Plaintiff stop. At that time, Plaintiff rolled down his widow whereupon administered unreasonable force on the Plaintiff by punching

1

the Plaintiff with his fists twice in the face, thereby inflicting severe bodily damage. The full extent of Plaintiff's injuries cannot be determined with certainty as of the time of the filing of this Complaint as treatment is ongoing.  However, this Complaint alleges that severe and permanent pathology resulted as a result of Officer Suggs punching the Plaintiff in the face.

## THE PARTIES

2.  Plaintiff, Houston Henley, is a citizen and resident the City of Metropolis, Massac County, Illinois.

3.  Defendant John E. Suggs is a City of Metropolis police officer.  On information and belief, Defendant John E. Suggs, is a resident of the State of Illinois.  At all times Suggs was acting under the color of law.   Suggs is being sued in his individual capacity.

4.  The City of Metropolis is a separate legal entity promulgated by the laws of the State of Illinois, and as such, it may be sued and be sued.

5.   The City of Metropolis Police Department is a separate legal entity authorized to be created by the City of Metropolis as permitted by the laws of the State of Illinois, and as such, it may be sued and be sued.

## JURISDICTION AND VENUE

6.  This Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331, 1343, and 1367 (supplemental jurisdiction) because this is a civil action seeking reparations for the violation of rights secured by the United States Constitution.  Plaintiff's claims are brought under the common law of the State of Illinois and to enforce federal claims brought 42 U. S. C. § 1983.

7. Venue is proper in this Court because the events giving rise to this action occurred

in Massac County, Illinois, where Defendant Suggs is employed.

**FACTS**

8. On May 1, 2025, at approximately 1:20 p.m., Suggs responded to a call that there had been a three vehicle accident which closed traffic on the Ohio River Bridge between Massac County and Paducah, Kentucky. At said time and place Suggs came upon several vehicles turning around with the purpose of returning to Illinois with the further intent of abandoning their trip to Kentucky because the bridge was closed and had been closed for in excess of 15 minutes, with Plaintiff being informed that the delay may be in excess of two hours. Officer Suggs was in uniform at the time.

9. At that time, Plaintiff was suffering from diabetes and he was also a Vietnam War veteran, and he had a long going diagnosis of PTSD, which, from time to time, caused him to sustain a enhanced state of anxiety, which posed a risk to his well-being. Plaintiff elected to turn his vehicle around because his blood sugar was getting low and he was in danger of having a significant health event if he did not eat something in order to elevate his blood sugar. Plaintiff's anxiety was enhanced because of his PTSD. The fact that Plaintiff suffered from diminished mental capacity would have been obvious to even and untrained individual observing the Plaintiff.

10. Officer Suggs noticed Plaintiff's vehicle at said time and place. Suggs got out of his vehicle and approached Plaintiff's vehicle with a level of uncontrolled rage shouting at the Plaintiff. Because of his anger Suggs decided to prevent Plaintiff from turning his vehicle around with the intent and purpose of blocking Plaintiff from returning to Metropolis. Suggs made to the decision to block Plaintiff's attempt to return to Illinois although Suggs observed

3

several other vehicles electing to return to Illinois.

11. When Henley rolled down his window Suggs continued shouting at the Plaintiff. Plaintiff attempted to explain to Suggs that he was in a high state of anxiety and that he needed to return to Metropolis because of his blood sugar but Suggs at that point lacked the capacity to even listen to the Plaintiff. Suggs became further agitated and his angry to the point that he lost control of his emotions and punched Plaintiff twice in the face with such violent force that he inflicted permanent damage on the Plaintiff.

12. In order to protect himself from further damage inflicted on him by Suggs, Plaintiff drove his vehicle on the ramp's apron with the hope of preventing Suggs from inflicting further damage on him. Suggs returned to his vehicle and turned on his lights pursuing Plaintiff. Plaintiff stopped his vehicle in response to Suggs flashing his warning lights.

13. At the time that Suggs punched Plaintiff in the face, Plaintiff had not committed a serious crime and Suggs knew that he had not committed a serious crime.

14. At the time that Suggs punched Plaintiff in the face, Plaintiff did not pose a serious threat to Suggs's safety or the safety or any other individual.

15. At the time that Suggs punched Plaintiff in the face, Suggs had not told Plaintiff that he was under arrest and Plaintiff had no reason to believe that he was being placed under arrest, especially given the fact that Suggs had not stopped other vehicles who had elected to return to Illinois.

16. Plaintiff Houston Henley suffered permanent and severe physical and psychological injuries as a direct and proximate result of the actions of Officer Suggs.

17. In violating Plaintiff's constitutional rights, Defendant engaged in willful,

4

wanton, reckless, and/or negligent conduct. This unconstitutional conduct and willful, wanton, reckless, and/or negligent conduct was the direct, actual, and proximate cause of Plaintiff's injuries.

18. As a direct and proximate result of Defendant's conduct, Plaintiff Henley suffered and continues to suffer permanent injuries including, inter alia, physical pain and harm, and serious and severe mental, emotional, and psychological injuries and damages.

19. Upon information and belief, the City of Metopolis and the Metropolis Police Department has failed to effectively investigate or impose any discipline on Officer Suggs for his illegal behavior.

## COUNT ONE: VIOLATIONS OF 42 U.S.C. § 1983
### (OFFICER SUGGS)

20. Plaintiff Henley repeats and realleges the above allegations set forth in paragraphs 1 through 19 above as if fully realleged here.

21. Defendant Suggs repeatedly applied excessive force to Plaintiff on May 1, 2025. In doing so, Suggs's conduct violated Henley's rights guaranteed by the United States Constitution, including Henley's right under the Fourth Amendment to be secure in his person against unreasonable searches and seizures.

22. Defendant Suggs failed to act to prevent the use of excessive force against Plaintiff Henley although he had no reason to do so.

23. Officer Sugg's actions were malicious, willful, or wanton, or they displayed a reckless disregard and deliberate indifference for Plaintiff Henley's welfare.

24. As a direct and proximate result of these unlawful actions, Plaintiff has

5

suffered severe physical and emotional harm.

## COUNT TWO: VIOLATION OF 42 U.S.C. § 1983
### (PLAINTIFF HENLEY VERSUS THE CITY OF METROPOLIS, ILLINOIS AND THE CITY OF METROPOLIS POLICE DEPARTMENT)

25. Plaintiff repeats and realleges the above allegations set forth in paragraphs 1 through 24 as if fully realleged here.

26. Officer Suggs's actions, as alleged above, were taken pursuant to one or more interrelated de facto policies, practices and/or customs of civil rights violations and unconstitutional practices of the City of Metopolis, Illinois, and the City of Metropolis Police Department.

27. The City of Metropolis, at all times relevant herein, approved, authorized, and acquiesced in the unlawful and unconstitutional conduct of its respective employees and/or agents and consequently is directly liable for the acts of those agents, under 42 U.S.C. § 1983.

28. Upon information and belief, prior to being employed by the City of Metropolis Police Department, John Suggs had a history of violence and had a reputation for being a violent individual that disqualified him from ever serving as a police officer. Despite his history and reputation, the City of Metropolis failed to conduct any investigation into Suggs's background and character. As a result of said failure, the City of Metropolis hired Suggs as a police officer, thereby placing Suggs into such a position that he could inflict serious bodily injury on others under the color of Illinois law. .

29. Upon information and belief, the Defendants have failed to effectively investigate or impose any discipline on the Officer Suggs for his illegal behavior.

30. At all times material to this Complaint, the Defendants have interrelated *de facto*

6

policies, practices, and customs which included, inter alia:

a.  the failure to conduct an investigation into the candidates for employment as a police officer to determine whether, given past history for violence, said candidates possess the character and disposition to serve as a police officer;

b. the failure to properly hire, train, supervise, discipline, transfer, monitor, counsel and/or otherwise control City of Metropolis police officers who engage in unjustified use of excessive and unreasonable force;

c. the failure to properly investigate the use of excessive and unreasonable force by the Metropolis Police Department;

d. the failure to properly train and supervise Metropolis law enforcement employees with regard to discharging weapons in general and tasers in particular; and

31. The aforementioned *de facto* policies, practices, and customs of the Metropolis Police Department include a pattern of acts of excessive use of force and other willful, wanton, and/or reckless behavior leading to harmful consequences.

32.  The City of Metropolis's Police Department has engaged in little to no meaningful disciplinary action in response to this pattern of misconduct, thereby creating a culture or climate that members of the department can escape accountability with impunity.

33. This pattern is the moving force behind the conduct of the Defendant Suggs in applying excessive and unreasonable force to the Plaintiff by punching him in the face, which was not an isolated incident of unconstitutional policing within Metropolis, Illinois.

34. The *de facto* policies, practices, and customs of failing to hire, investigate, train, supervise, monitor, discipline, transfer, counsel, or control police misconduct are  interrelated

7

and exacerbate the effects of each other, to institutionalize police lying and immunize police officers from discipline.

35. That the unconstitutional actions of the Defendant as alleged in this Complaint were part and parcel of a widespread municipal policy, practice and custom is further established by the involvement in, and ratification of, these acts by municipal supervisors and policymakers, as well as by a wide range of other police officials, officers, and divisions of the Police Department.

36. The policies, practices and/or customs alleged in this Complaint, separately and together, are the proximate cause of the injuries to Houston Henley because the Defendant officer was not properly trained, had good reason to believe that his misconduct would not be revealed or reported by fellow officers or their supervisors, and that they were immune from disciplinary action, thereby protecting them from the consequences of their unconstitutional conduct.

37. Based upon information sufficient to form a belief, but for the belief that he would be protected, Defendant Suggs would not have engaged in the conduct that resulted in the injuries to Plaintiff.

38. The interrelated policies, practices, and customs, as alleged in this Complaint, individually and together, were maintained and implemented with deliberate indifference, and encouraged the Defendant Suggs to commit the acts alleged in this Complaint against Plaintiff, and therefore acted as the moving forces behind and the direct and proximate causes of the injuries to Plaintiff Henley.

**COUNT THREE: BATTERY**
**(OFFICER SUGGS)**

8

39. Plaintiff Henley repeats and realleges the above allegations set forth in paragraphs 1 through 24 as if fully realleged here.

40. May 1, 2025, the Defendant Suggs, committed a battery on the Plaintiff-Henley in that on two separate events he punched the Plaintiff in the face.

41. At the time that Defendant Suggs punched the Plaintiff, he did not have Plaintiff's permission to do so.

42. Defendant Suggs applied punched the Plaintiff knowing that Plaintiff did not pose any threat to his safety or the safety of others, and therefore did so, in wilful violation of Plaintiff's right to be secure in his person.

43. As a result of being punched, Plaintiff sustained damages in the form of pain and suffering, psychological trauma, and physical injuries which continue to this day.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered in their favor on all counts and request the following relief:

A. Compensatory and punitive damages in an amount to be determined at trial;

B. Attorneys' fees and costs to prosecute this action; and

C. Such other and further relief as may be just and proper.

Plaintiff demands a Jury Trial.

Date: April 6, 2026.

Darrell Dunham, ARDC# 3124260
Attorney at Law
808 W. Main Street
Carbondale, IL 62901
darrell.dunham@gmail.com
Phone: 618-490-1011
Fax: 618-490-1017